[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed four separate pleas in Avoidance to the Defendant's First Special Defense.
FIRST SPECIAL DEFENSE
 The plaintiff is barred from bringing this action in that the plaintiff has not complied with Part 4, Section 1. (Conditions Paragraph 12 of the insurance policy which requires that any action against the insurance company be initiated within one year of the date of the loss. Cite to defendant's answer dated August 13, 1990, p. 1).
To this Special Defense the plaintiff pleads avoidance first by what she represents to be estoppel. The elements of estoppel are:
 Representation of fact by the defendant either explicit or implied.
Reliance on the representor by the plaintiff.
The plaintiff having the right to rely therein.
A suffering of damage as a result.
Although facts have been alleged that may be evidence or the elements there is not sufficient pleading of the elements of CT Page 23 the theory of estoppel to defeat a motion to strike.
As to the First Plea, the Motion to Strike is granted with right to replead as provided by the rules of practice.
The Second Plea in Avoidance claims that the requirement of filing suit within one year has tolled by submitting a Proof of Loss. Whether that is in fact true depends upon the interpretation of the contract and what in fact was done. It is a mixed question of law and fact to be determined by the Trier of Fact and Law. The Motion to Strike the Second Plea is denied.
The Third Plea in Avoidance claims that because of the defendant's payment to the plaintiff's mortgagee, there was a waiver of the one year suit requirement. If that be the case, the plaintiff has failed to set forth in her pleading, how, why or in what manner that is so. Based upon the pleading that this court has reviewed, the court is unable to detect, or decipher the legal concept involved.
Accordingly, the Third Plea in Avoidance is stricken.
The Fourth Plea in Avoidance appears to set forth sufficient facts and notice to the defendant to support the allegations of a breach of implied convenant of good faith and for fair dealing under said insurance contract.
Motion to Strike the Fourth Plea is denied.
JOHN F. WALSH, J.